RECEIVED

DEC 19 '06

R[ichard W. Wieking]
U.S. D[ISTRICT COURT]
NO. DIST. [OF CA.] S.J.

Sonja S. Weissman (SBN 154320)
J. Craig Crawford (SBN 238466)
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572
Telephone: 510.763.2000
Facsimile: 510.273.8832
sweissman@reedsmith.com
ccrawford@reedsmith.com

*E-filed 1/18/07*

Michael K. Brown (SBN 104252)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: 213.456.8000
Facsimile: 213.457.8080
mkbrown@reedsmith.com

Attorneys for Defendant
Medtronic, Inc.

Steven A. Fabbro (SBN 107973)
Law Offices of Steven A. Fabbro
101 Montgomery St., 27th Floor
San Francisco, CA 94104
Telephone: 415.391.6850
Facsimile: 415.391.6856

Attorney for Plaintiff J. R. C., by and through his Guardian ad Litem Luis R. Castellanos

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J. R. C., by and through his Guardian ad Litem LUIS R. CASTELLANOS, | Case No. C 06-05525 JW<br>Before the Honorable James Ware |
| Plaintiff, | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |
| vs. | AS AMENDED BY THE COURT |
| MEDTRONIC, INC., a corporation, and DOES 1 through 100, | |
| Defendants. | |

1  WHEREAS, during the course of this action, the parties or others may be required to produce in discovery information which a party or the person or entity from whom discovery is sought considers to be confidential business information, confidential and proprietary intellectual property, confidential technical information, confidential clinical trial and other information subject to privacy protection under applicable constitutional and statutory law, confidential information pertaining to the financial affairs of the parties and the method(s) by which the parties conduct their business, non-public, proprietary or other confidential information (collectively "confidential information" as further defined below); and

WHEREAS, the parties hereto desire to agree to a protective order for the protection of confidential information during the pendency of this action and thereafter, and also for resolution of other issues which have or may arise in connection with this litigation;

THEREFORE, IT IS ORDERED that:

1. **Terms**: The terms defined in this Paragraph shall have the meanings provided. Defined terms may be used in the singular or plural.

   1.1 **"Producing Party"** means the party, or the person or entity other than a party, being asked to produce documents or information considered by that party person or entity to be Confidential Information, and includes a party asserting a confidentiality interest in information produced by others.

   1.2 **"Receiving Party"** means that party, person or entity receiving or requesting production of Confidential Information.

   1.3 **"Confidential Information"** means information (regardless of how generated, stored, or maintained) or tangible things that have been determined in good faith to qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

1.4 **"Litigation Documents"** means all pleadings, motions, affidavits and related papers, all documents produced or exchanged in the course of this action or any settlement negotiations, all written discovery responses and all transcripts and testimony given in depositions, in hearings or at trial.

1.5 **"Termination"** means the dismissal of this Action, or entry of final judgment or expiration of all periods to appeal or seek judicial review of this Action.

2. **Redaction of Documents**

2.1 Notwithstanding the provisions of Paragraph 1 above, Producing Party may redact from any materials containing Confidential Information the following information:

  (a) Financial data;

  (b) Customer identities; and

  (c) Names and any information that would identify clinical trial subjects or patients (other than the parties), physicians or others who report information regarding patients or clinical trials and any third party involved with

such subjects or patients, including but not limited to a physician or hospital or other institution.

2.2 Any discovery materials so redacted shall have "REDACTED" stamped on each page from which material or information has been redacted.

2.3 If there is a dispute whether any redacted material qualifies for redaction under this paragraph, counsel may move for a ruling, which may require this Court's in camera inspection of a document on the issue of whether certain information is entitled to redaction. If other Confidential Information is deemed by the Producing Party to be trade secret or otherwise in need of redaction such that the scope of this protective order is insufficient to adequately protect the information contained therein, the Producing Party shall seek to meet and confer on the specific information with the Receiving Party and, failing good faith meet and confer on informal resolution, shall seek the Court's determination by way of formal motion.

3. **Use Of Confidential Information**.

3.1 Materials and the contents of materials designated "confidential" shall be used for purposes of this action only and for no other purpose except the customary business purposes of the party producing such materials, and shall not, without leave of this Court, be disclosed to any person or entity other than this Court (under seal) and the parties in this "Action" and counsel for the parties in this action who have executed this Stipulation and Protective Order, except for "qualified persons" as defined in paragraphs 3.2. This "Action" specifically refers to the pretrial proceedings and trial or settlement of the action entitled *J.R.C., by and through his Guardian ad Litem Luis R. Castellanos v. Medtronic, Inc.*, Case No. C 06-05525 JW.

(a) Submission to this Court of materials or the contents of materials designated "confidential" shall not constitute a violation of, or a waiver

of, the protections afforded by this Stipulation and Protective Order to the materials or contents of the materials so submitted. (Provided the provisions of paragraph 7 are followed.)

(b) The disclosure by counsel for a party to this action of materials or the contents of materials designated "confidential" to other counsel, to paralegals, and to clerical staff employed in the disclosing counsel's office shall not constitute a violation of, or a waiver of, the protections afforded by this Stipulation and Protective Order to the materials or contents of the materials so disclosed.

(c) The disclosure by counsel for a party to this action of materials or the contents of materials designated "confidential" to experts or consultants who are employed by such counsel, and who, prior to such disclosure, have executed an Affidavit in the form attached hereto as Exhibit A, shall not constitute a violation of, or a waiver of, the protections afforded by this Stipulation and Protective Order to the materials or contents of the materials so disclosed.

3.2   "Qualified Person" for Confidential Information means:

(a) Such partners, associate attorneys, paralegal assistants and stenographic or clerical staff employed by counsel of record for the parties in this Action and who have been specifically assigned to assist counsel in the prosecution, defense or settlement of this Action;

(b) Persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify;

(c) Any party, including employees of a party;

(d) Any expert or consultant, including any employees thereof, used or retained by counsel or a party as an expert or consultant, to the extent deemed necessary by counsel to aid in the prosecution, defense or settlement of this Action, provided that each such expert has read this Stipulated Protective Order in advance of disclosure and undertakes in writing to be bound by its terms. A copy of such

1  writing shall be furnished to the producing party on reasonable request as set forth
2  in Paragraph 3.4, except consulting experts shall not be disclosed. For good cause
3  shown, the producing party may request the Court for identification of such
4  consulting experts;

5      (e)    The Court or any other Court having jurisdiction over discovery
6  procedures in this Action;

7      (f)    Any person designated by the Court in the interest of justice,
8  upon such terms as the Court may deem proper;

9      (g)    Any court reporter or typist recording or transcribing testimony
10 in this Action and any outside independent reproduction firm;

11     (h)    Any person who was the author, recipient or copy recipient of a
12 document for the purpose of interrogation of such person at trial, by deposition or
13 during the course of preparation for trial or deposition;

14     (i)    In-house counsel for a party;

15     (j)    In the event that any of the foregoing persons ceases to be
16 engaged in the preparation of this Action, access by such person(s) to discovery
17 material designated as Confidential Information shall be terminated. Any such
18 material in the possession of any such person(s) shall immediately be returned or
19 destroyed within 48 hours. The provisions of this Order shall remain in full force
20 and effect as to all such person(s) as to all such material and the obligations not to
21 disclose any portions of such material, except as may be specifically ordered by the
22 Court.

23     3.3    No person receiving discovery material or a transcript designated as
24 confidential pursuant to this stipulation and order shall disclose it or its contents to
25 any person other than those described in Paragraph 3.2. No such disclosure shall be
26 made for any purpose other than those specified in Paragraphs 3.1 and/or 3.2, and in
27 no event shall such person make any other use of such discovery material or
28

transcript. Counsel shall be responsible for obtaining prior written agreement to be bound to the terms of this Order from all persons to whom any discovery material or transcript so designated is disclosed. Such written agreement shall be obtained by securing the signature of any recipient of such discovery material or transcript at the foot of Attachment "A" to this Order after having such recipient read the Order and having explained its contents to such recipient. Counsel shall be responsible for maintaining a list of all persons to whom any discovery material or transcript so designated is disclosed and, for good cause shown, such list shall be available for inspection by counsel for other parties upon order of the Court.

    3.4    Before disclosing any Confidential Information to any person listed in subparagraphs 3.2 (b) and (d) who is a competitor or employee of or consultant to a competitor of the Producing Party, the Receiving Party shall give at least ten days advance notice in writing to counsel for Producing Party, stating the names and addresses of the person(s) to whom the disclosure will be made, and stating the purpose of such disclosure. If within the ten-day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until and unless the Court denies such motion. If Producing Party has reason to believe that a competitor has improperly acquired or learned of Confidential Information, upon written demand from Producing Party, the Receiving Party shall reveal to the Producing Party whether Confidential Information was disclosed to any officer, director, employee or consultant of such competitor. Such request may only be made by Producing Party upon a good faith belief that information has been improperly received by a competitor and Producing Party shall disclose the reasons for such belief.

4.    **Designation of Confidential Information.**

    4.1    Documents. Any Producing Party may, in good faith, designate Confidential Information contained in a document or thing specifically by either marking the document or thing as "CONFIDENTIAL" or by designation, in

writing, identifying the Bates stamp number which has been assigned to the document or thing.

4.2 **Depositions.** Any Producing Party may, in good faith, designate information or documents disclosed during deposition as Confidential Information by indicating on the record at the deposition that the entire deposition testimony, or any specified part of the testimony given or to be given, and/or all or any part of the document or thing marked for identification at such deposition is Confidential Information subject to the provisions of this Stipulated Protective Order. Within thirty (30) days after receipt of a deposition transcript, any Producing Party may specifically designate information not previously designated as confidential as Confidential Information, by notifying all parties in writing of any specific pages and lines of the transcript which contain the Confidential Information. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control.

4.3 **Interrogatories.** Any party may, in good faith, designate Confidential Information contained in a response to an interrogatory by designating the responses Confidential, or the Receiving Party otherwise shall be advised in writing of such confidential status, and the information may be served and filed in a separate document if desired.

5. **Mistake or Inadvertence.** Notwithstanding the procedure set forth in paragraph 4, above, documents or other discovery materials produced and not designated as CONFIDENTIAL through mistake or inadvertence shall likewise be deemed confidential upon notice of such mistake or inadvertence. Moreover, where a Producing Party has inadvertently produced a document which the Producing Party later claims should not have been produced because of privilege, the Producing Party may require the return of any such document within 10 days of discovering that it was inadvertently produced (or inadvertently produced without

redacting the privileged content). A request for the return of any document shall identify the document by Bates number and the basis for asserting that the specific document (or portions thereof) is subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from discovery, the basis for asserting that the production was inadvertent, and the date of discovery that there had been an inadvertent production. The inadvertent production of any document which a Producing Party later claims should not have been produced because of a privilege will not be deemed to be a waiver of any privilege to which the Producing Party would have been entitled had the privileged document not inadvertently been produced. If a Producing Party requests the return, pursuant to this paragraph, of any such document from another party, the party to whom the request is made shall within 10 days return to the requesting party all copies of the document within its possession, custody, or control – including all copies in the possession of experts, consultants, or others to whom the document was provided. In the event that only portions of the document contain privileged subject matter, the Producing Party shall substitute a redacted version of the document at the time of making the request for the return of the requested document. In the event the Receiving Party contests the claim of privilege or inadvertent production, the Receiving Party shall file a motion within 10 days after return of the document to obtain a court determination that the document is not privileged.

Pursuant to Fed R. Civ. P. 26(c), the burden is always on the party seeking protection to show that it is warranted.

6. **Challenge of Designation**. The Receiving Party shall not be obligated to challenge the propriety of the Confidential Information designation at the time made or upon a submission to the Court. In the event a party disagrees at any stage of these proceedings with the Producing Party's designation of Confidential Information, the parties shall first try to dispose of such dispute in good faith on an informal basis. If a dispute cannot be informally resolved, the Receiving Party may seek appropriate relief from this Court, and the Producing Party shall have the

1  burden of proving that the information is entitled to confidentiality protection
2  pursuant to Fed. R. Civ. P. 26(c). The Confidential Information
3  shall remain Confidential and under the status given to it by the designating party
4  unless and until the court rules to the contrary. This order does not preclude any party from moving to de-designate information that has been designated confidential.
5  7.  **Court Filings.**  A party wishing to file documents under seal must comply
6  with Civil Local Rule 79-5.

15  8.  **Subpoena by The Courts or Agencies.**  If another court or an administrative
16  agency subpoenas or orders production of Confidential Information that the parties
17  have obtained under the terms of this Order, the parties shall promptly notify the
18  Producing Party of the pendency of such subpoena or order.
19  9.  **Client Consultations.**  Nothing in this Order shall prevent or otherwise
20  restrict counsel from rendering advice to their clients and, in the course thereof,
21  relying generally on examination of Confidential Information; provided however,
22  that rendering such advice and otherwise communicating with such clients, counsel
23  shall not make specific disclosure of any item so designated except pursuant to the
24  procedures of Paragraph 3.
25  10. **Use.** Persons obtaining access to Confidential Information under this Order
26  shall use the information only for preparation and trial of this case, and shall not use

such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

11. **Non-Termination.** The provisions of this Order shall not terminate at the conclusion of this action. This Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of this Court for the purposes of enforcement of the confidentiality terms of this Order. Within 120 days after final conclusion of all aspects of this lawsuit, Confidential Information and all copies of same (other than exhibits of record) shall be returned to the Producing Party. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Producing Party not more than 150 days after final conclusion of this litigation.

12. **Modification Permitted.** Nothing in this Order shall prevent a party from seeking modification of this Order, or from objecting to discovery that it believes otherwise to be improper.

13. **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of Confidential Information. Parties shall not duplicate any Confidential Information except working copies and for filing in court under seal. All copies made of Confidential Information shall bear the appropriate confidential designation.

14. **No Waiver.**

   14.1 Review of the Confidential Information by counsel, experts, or consultants for the litigants in the lawsuit shall not waive the confidentiality of the documents or objections to production.

   14.2 The inadvertent, unintentional, or *in camera* disclosure of Confidential Information shall not, under any circumstances, be deemed a waiver in whole or in part, of any party's claims of confidentiality.

1    14.3   Nothing contained in this Protective Order shall constitute a waiver of, or otherwise prejudice the Producing Party's right to protect from disclosure any information based on any applicable privilege, right of privacy, trade secret protection or other statutory or common law immunity.

14.4   Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged confidentiality, relevancy, admissibility, or discoverability of the Confidential Information sought.

///

///

///

///

///

///

///

///

///

The terms of this Protective Order shall survive and remain in effect after the termination of this and any related lawsuit. The Court will retain jurisdiction over this matter for six months beyond the termination of this action for purposes of enforcement of this agreement.

IT IS SO STIPULATED.

DATED: November __, 2006          LAW OFFICES OF STEVEN A. FABBRO

By  /s/ Steven A. Fabbro
Steven A. Fabbro
Attorney for Plaintiff
J.R.C., by and through his
Guardian ad Litem Luis R.
Castellano

DATED: November __, 2006          REED SMITH LLP.

By  /s/ Sonja. S. Weissman
Michael K. Brown
Sonja S. Weissman
Attorneys for Defendant
Medtronic, Inc.

**IT IS SO ORDERED**
     DATED:  _ January 18, 2007

_____
Honorable Howard R. Lloyd
Magistrate Judge of the United
States District Court

# ATTACHMENT A

## AGREEMENT TO MAINTAIN CONFIDENTIALITY

I, _____ [Name – Print or Type], have been given and read a copy of Protective Order, dated _____, in this case. I understand and will strictly adhere to the contents of said order. I understand that produced material disclosed to me is subject to the order of this Court and that I am prohibited from copying, disclosing or otherwise using such material except as provided by said court order. I understand that unauthorized disclosure of the stamped confidential information may constitute contempt of court and agree to be subject to personal jurisdiction of this Court for the purpose of enforcing my obligations under this Agreement, the order, and any contempt proceeding that may be instituted for alleged violation thereto. I understand also that my execution of this Agreement to Maintain Confidentiality, indicating my agreement to be bound by said order, is a prerequisite to my review of any produced document and materials.

[Date] _____

                                                 [Name] _____

[Signature] _____

DOCSOAK-9854032.2-CCRAWFORD

- 13 -
Stipulation And [Proposed] Protective Order